UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| MINUTEMAN SPILL RESPONSE, INC., | Case No. 4:14-bk-01825 (JJT) |
| Debtor. | |

## SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP, AS SPECIAL LITIGATION COUNSEL FOR WILLIAM G. SCHWAB, CHAPTER 11 TRUSTEE

Klehr Harrison Harvey Branzburg LLP ("Applicant"), special litigation counsel to William G. Schwab, chapter 11 trustee (the "Trustee"), submits its Second and Final Application for Compensation and Reimbursement of Expenses (the "Final Application") and states as follows:

1. The above-captioned debtor (the "Debtor") filed a voluntary chapter 11 petition on April 18, 2014 (the "Petition Date").

2. The Trustee was appointed as operating trustee pursuant to § 1104 of the Bankruptcy Code on May 13, 2015.

3. Applicant was appointed as special litigation counsel for the Trustee on August 25, 2015, effective as of August 14, 2015. A copy of the Order appointing Applicant is attached as Exhibit A.

4. Applicant is a disinterested person and has not represented or held an interest adverse to the interest of the estate on the matters on which it was employed in compliance with 11 U.S.C. § 327(a) and (e).

PHIL1 5339466v.2

## PREVIOUS APPLICATION FOR COMPENSATION AND REIMBURSEMENT

5. On January 14, 2016, Applicant submitted its First Interim Application for Compensation and Reimbursement (the "First Application"), seeking attorneys' fees in the amount of $31,227.00 and reimbursement in the amount of $920.31 (docket no. 1110).

6. On February 3, 2016, the Debtor filed an objection to Applicant's First Application.

7. On March 16, 2016, the Court entered an Order deferring disposition of Applicant's First Application and directing applicant to file its final fee application within twenty-one days (docket no. 1189).

## SUMMARY OF SECOND AND FINAL APPLICATION

8. This Final Application seeks an order awarding final compensation for services rendered to the Trustee in this case from January 12, 2016 through April 5, 2016 in the amount of $8,894.00, as set forth in the attached Exhibit B, and reimbursement of out-of-pocket costs in the amount of $415.80 incurred between January 12, 2016 and April 5, 2016 as set forth in the attached Exhibit C.

9. This Final Application also seeks allowance on a final basis of the compensation and expenses set forth in the First Application in the aggregate amount of $32,147.31. This figure is comprised of a request for compensation in the amount of $31,227.00, as set forth in the attached Exhibit D, and a request for reimbursement of out-of-pocket expenses in the amount of $920.31, as set forth in the attached Exhibit E.

10. No previous compensation of any kind has been paid to the undersigned.

11. No retainer of any nature has been paid to the undersigned.

12. The identity of the individual attorney or paralegal performing the services and

their respective hourly rates are as follows:

| Initials | Name | Capacity | Hourly Rate |
|---|---|---|---|
| JK | Jeffrey Kurtzman | Partner | $490.00 |
| CB | Corinne Brennan | Associate | $280.00 |
| CL | Christopher Leavell | Associate | $250.00 |
| NY | Nadine Yackle | Paralegal | $170.00 |

13. Applicant submits that, upon information and belief, there are sufficient funds in the estate to satisfy the within request for compensation and expenses.

## SUMMARY OF SERVICES PROVIDED

14. As special litigation counsel for the Trustee, Applicant has performed legal services which are described as follows:

15. In August 2015, following the filing by the Debtor of a motion to remove him (the "Removal Motion"), the Trustee retained Applicant to prepare a response to the Removal Motion and otherwise to defend the Trustee against the Debtor's allegations.

16. Applicant reviewed the Removal Motion and prepared an objection to that pleading, which was thereafter withdrawn by the Debtor. At the Trustee's request, Applicant also attended a hearing in this Court on August 31, 2015 to consider a settlement in which certain issues relevant to the Removal Motion were raised by the Debtor and its principals.

17. Thereafter, Applicant met with the Trustee and his accountants to analyze material transactions between the Debtor and various insiders, including Brian and Karen Bolus, both prior to the petition date and during the post-petition period. Applicant has also analyzed the relationships between and among the Debtor and various entities affiliated with the Debtor with a view to determining whether there exists a claim to consolidate the affiliates with the Debtor's estate under a single enterprise theory, a fraudulent conveyance theory, a successor liability theory or an alter ego theory.

3

PHIL1 5339466v.2

18. Applicant has filed various motions seeking orders authorizing the Rule 2004 Examination of Brian and Karen Bolus, as well as the Debtor's accountant, Kevin Foley, CPA. After this Court's approval of those motions, Applicant obtained voluminous documentation concerning the acts, transactions and business operations of the Debtor and various of its affiliates and counseled the Trustee in connection with his rights and claims against various third parties.

19. Applicant has objected to the claims of two of the Debtor's affiliates, which it submits should result in the expungement of the affiliates' claims.

20. Applicant conducted an oral examination of a former employee of the Debtor, Kevin Page, in Lewisburg, Pennsylvania. In the context of that examination, Applicant obtained significant information concerning the conduct of Brian Bolus and certain of the Debtor's employees in secreting various of the Debtor's assets in order to prevent such assets from being included in an auction being conducted by the Trustee and to ensure that such assets were available for the use of an entity known as ER One, Inc., which is owned by Karen Bolus and operated by Brian Bolus.

21. Applicant has also communicated frequently with the Office of the United States Trustee with respect to the information resulting from the Page deposition, as well as other information which has come to light as a result of documents produced by Kevin Foley, CPA.

## FINAL RELIEF REQUESTED

22. In accordance with Local Rule 2016-1(b), attached to this Final Application as Exhibits B and D are categorized summaries of all of the Applicant's time spent serving the Trustee from August 14, 2015 through April 5, 2016.

WHEREFORE, Klehr Harrison Harvey Branzburg LLP, special litigation counsel for the Trustee, prays this Court to enter an Order:

a. Allowing on a final basis compensation in the amount of $31,227.00 for services rendered by Klehr Harrison Harvey Branzburg LLP for the period August 14, 2014 through January 8, 2016 and reimbursement of expenses in the amount of $920.31 incurred by Klehr Harrison Harvey Branzburg LLP for the period August 14, 2015 through January 8, 2016 and

b. Allowing on a final basis compensation in the amount of $8,894.00 for services rendered by Klehr Harrison Harvey Branzburg LLP for the period January 9, 2016 through April 5, 2016 and reimbursement of expenses in the amount of $415.80 incurred by Klehr Harrison Harvey Branzburg LLP for the period January 9, 2016 through April 5, 2016; and

c. Granting such other and further relief as may be just.

Dated: April 6, 2016

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: /s/ *Corinne S. Brennan*
    Corinne S. Brennan, Esquire
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    Telephone: (215) 569-3393
    Facsimile: (215) 568-6603
    Email: cbrennan@klehr.com

Special Litigation Counsel for William G. Schwab, as Chapter 11 Trustee of the estate of Minuteman Spill Response, Inc.