IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          :    CHAPTER ELEVEN
                                                :
MINUTEMAN SPILL RESPONSE,                       :    BANKRUPTCY NO.: 4-14-bk-01825-JJT
INC.,                                           :
                                                :
   DEBTOR                                       :

# OPINION

A Final Fee Application has been filed by the Debtor in-Possession's accountant, Kronick Kalada Berdy & Co., P.C. (Doc. #732) The Debtor operated the Chapter 11 from its inception until May 6, 2015, when the Court directed the appointment of a Trustee pursuant to 11 U.S.C. §1104. For the period prior to the appointment of the Trustee, the accountant was appointed by application filed April 21, 2014 (Doc. #14). Subsequently, a follow up application to conduct a 401k Plan audit was filed on September 26, 2014 (Doc. #223). The accounting firm's fees were capped at $7,500 for this purpose.

Four fee applications were filed, as follows:

(Doc. #187) First Application for allowance of compensation & expenses for Kevin Foley, CPA, and Kronick Kalada Berdy & Co., P.C. filed 09/02/2014. [Time Period: April 18, 2014 through July 15, 2014. Fees: $27,362.50 and Expenses: $514.64. Total Compensation: $27,877.14.]

(Doc. #379) Second Application for allowance of compensation & expenses of Kevin Foley, CPA and Kronick Kalada Berdy & Co., P.C. filed 01/05/2015. [Time Period: July 19, 2014 through October 15, 2014. Fees: $28,971.25 and Expenses: $347.20. Total Compensation: $29,318.45.]

(Doc. #614) Third Application for allowance of compensation & expenses of Kevin Foley, CPA and Kronick Kalada Berdy & Co, P.C. filed 05/01/2015. [Time Period: October 16, 2014 through January 15, 2015. Fees: $31,435.00 and Expenses: $248.64. Total Compensation: $31,683.64.]

(Doc. #732) Fourth and Final Application for Compensation and Reimbursement of Expenses of Kronick Kalada Berdy & Co., P.C. filed 07/20/2015.
[Time Period: January 16, 2015 through May 18, 2015.  Fees: $30,811.50 and Expenses: $313.95.  Total Compensation: $31,125.45.]

The fourth and last application was a Final Fee Application.  An Objection was filed and a record was created October 29, 2015.  The substance of the Objection alleged that the accountant performed unauthorized tasks of little value to the estate and performed work after the trustee was appointed.

Fee applications of professionals are a matter of concern to the Court whether or not there be an objection.  *In re Busy Beaver Bldg. Ctrs., Inc*., 19 F.3d 833, 845 (3rd Cir. 1994).

Because this is a final fee application, all submitted applications are subject to review.  They total $118,580.25 in fees and $1,424.43 in costs.  The time records are generally in .25 hourly increments.  That is to say, even when longer periods of time are devoted to a project, each successive entry bears a ".25" designation.  This makes a review of the time invested in a project, burdensome to say the least.  A review is essential.  Through the countless days of testimony taken in the various matters that have been contested with regard to this case, it has been apparent that the principals of the Debtor were also principals of related entities doing business with the Debtor with regard to real estate rentals, liability insurance, equipment ownership, related towing services, and personal loans, etc.  Some or all of theses entities did not even possess bank accounts.  The demarcation between activities was vague at best.  The accounting firm certainly knew that but made little effort to separate services that may have been provided to the various entities.  In fact, in its affidavit attached to each of their applications for appointment, the accounting firm acknowledged "[t]o the best of Affiant's knowledge and information the Affiant has not been retained by any entity related to the Debtor or counsel for

the Debtor." Docs. #14 and #223.  Despite that attestation, at the fee application hearing, the accountant acknowledged filing tax returns for related entities during the bankruptcy.  While the accountant maintained that this Debtor was not billed the expense of work done for related entities, in the absence of greater detail in the statements, I can not so conclude.  In fact, a review of the billing statement does not allow me to conclude whether the limitation for the 401k audit was complied with.

It is the Court's responsibility to review the fee applications of professionals.  It is not the Court's responsibility to organize the fee application in such a way that any abuses can readily be discerned.  ("it [is] not befitting the stature of a federal bankruptcy judge to spend wasteful hours poring over fee applications to tabulate and cross-reference unorganized billing statements.")  *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833 at n.12.  That is the applicant's job.  In order to alleviate the Court's burden of analysis, our District has adopted Local Bankruptcy Rule 2016-1, which includes guidelines governing the presentation of fee applications.  Special requirements are set forth for professional fees in excess of $100,000 in Local Bankruptcy Rule 2016-1(b).  Here, the cumulative fee request exceeds $100,000.

There is little doubt that the applicant invested substantial hours in assisting the Debtor.  I am not confidant that the time invested by the accounting firm and the compensation requested did not, in fact, benefit related non-debtor affiliates.  Without greater detail and explanation, I can not grant the fee application.

The fee application is denied without prejudice to refile in accordance with 11 U.S.C. § 330, Federal Rule of Bankruptcy Procedure 2016, and Local Bankruptcy Rule 2016-1. Acknowledging that the current time records are in .25 hourly increments, the Court will waive

the Local Bankruptcy Rule requirement that such time records be in tenths of hour increments.

Any work performed during this bankruptcy for the principals of the Debtor or affiliates of the Debtor by the applicant should be clearly divulged and identified.

My Order will follow.

By the Court,

*John J. Thomas*

Date: April 20, 2016

John J. Thomas, Bankruptcy Judge

(CMS)