IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| MINUTEMAN SPILL RESPONSE, INC., | : | BANKRUPTCY NO.:  4:14-bk-01825-JJT |
| | : | {**Nature of Proceeding**: Second & Final |
| | : | Fee Application of Klehr Harrison Harvey |
| | : | Branzburg LLP, Special Litigation Counsel |
| DEBTOR | : | for Chapter 11 Trustee (Doc. #1208) and |
| | : | Objection thereto (Doc. #1223)} |

# OPINION[1]

Before the Court for resolution is the Objection by the Debtor-out-of-possession to the Second and Final Application for Compensation and Reimbursement of Klehr Harrison Harvey Branzburg LLP, (hereinafter "Applicant"), as Special Litigation Counsel for William G. Schwab, Chapter 11 Trustee.[2] The objector advances four main arguments in its request to have the Court reduce the hourly rate of the Applicant and reduce the fee and reimbursement request. First, the objector argues that the Applicant's rates are excessive for the marketplace and the market rates charged by professionals in the Middle District of Pennsylvania. Second, the Applicant should not be compensated for excessive hours or unnecessary services. Third, the Applicant should not be paid for time prior to the filing of the Application for Employment. Finally, the Applicant should not be compensated for excessive expenses.

Resolution of this Objection begins with a review of the Application to Employ the Applicant as special counsel filed to docket number 807. That Application provides therein, at paragraphs 4 and 5, the following:

4.        The professional services that Klehr Harrison is to render, among

---

[1]  Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[2]  The Debtor-out-of-possession also filed an Objection to the First Fee Application filed by the Applicant and, by Order dated March 16, 2016, the Court deferred ruling on the first application and ordered the Applicant to file a final application, which is the application currently under consideration by the Court.

others, will include handling bankruptcy litigation and other duties as requested by the Trustee, including responding to and attending the hearing on the Debtor's emergency motion to remove the Trustee **and such other matters as the Trustee may request or require**. (emphasis ours)

> 5.　Said firm shall be paid an hourly rate of $290.00 - $490.00, subject to Court approval.

Certainly the Application contemplated that the services to be provided by the Applicant to the Trustee would be broad in scope, and the services also would be reimbursed at a range up to and including $490.00 as an hourly rate. Having the Application served on several parties including the Debtor-out-of-possession and with no objection being voiced to the Application, the Court entered an Order (Doc. #838) approving the employment of the Applicant as special counsel to the Trustee.

In the Objection and at the time of the hearing on said Objection, the objector's main argument was that the Applicant's hourly rate far exceeded the market rate charged by professionals in the Middle District of Pennsylvania for similar services. The objector argued that no lawyer currently practicing in the Middle District of Pennsylvania was charging more than $425.00 per hour, and, therefore, the Applicant's "big city"[3] rate of $490.00 per hour is excessive.

The Applicant countered this argument, through the testimony of Attorney Jeff Kurtzman, that the hourly rate was consistent with the rates charged in other cases the Applicant had in the Middle District of Pennsylvania and was also consistent with what the Applicant charged its non-bankruptcy clients. He further testified that the Applicant had the same rate structure in the Eastern District of Pennsylvania as in the Middle District of Pennsylvania.

The Third Circuit has addressed this very issue in the case of *Zolfo, Cooper & Co. v.*

---

[3]　Applicant's office is located in the city of Philadelphia in the Eastern District of Pennsylvania.

*Sunbeam-Oster Company, Inc.*, 50 F.3d 253 (3rd Cir. 1995). Therein the Court wrote, "[t]he baseline rule is for firms to receive their customary rates." *Zolfo*, 50 F.3d at 259. The objector in *Zolfo* made the same argument as in this case arguing that a New York City rate should not have been requested as the market rate for services in Western Pennsylvania. The Court wrote,

> We believe the bankruptcy court erred in taking the market rate for services in Western Pennsylvania as a starting point. This is not the appropriate starting point for the determination of the market in which Zolfo Cooper practices. The idea that a firm should be restricted to the hourly rate typical in the locale of the case "is unduly parochial particularly in this age of national and regional law firms working on larger more complex bankruptcy cases of more than local import." *In re Robertson Cos.*, 123 B.R. 616, 619 (Bankr.D.N.D.1990). The bankruptcy court here should have looked first to Zolfo Cooper's customary market (New York) and then made reductions based on the other factors.

*Zolfo*, 50 F.3d at 260.

Here, too, I will look to the customary rates charged by the Applicant in the Philadelphia market. I have previously reviewed the market rates for this Philadelphia-based counsel and found that the rates charged by the Applicant were well within the range of average rates charged by Philadelphia-based counsel. See, *In re Specialty Health, LLC*, 2013 WL 5592888 (Bankr. M.D.Pa. Oct. 10, 2013. No cogent argument was presented by the objector for me to deviate from my prior finding, and I hereby adopt those findings in this case. I find that the Applicant's hourly rate is appropriate and not excessive for the market place for representing the Trustee as special counsel in this case.

The objector also indicates that the hours represented on the Application were excessive and unnecessary. The objector argues that there was nothing about this case or the litigation therein that required the expertise of the Applicant. To the contrary, this case was very litigious on all aspects which is also evidenced, as this case winds down, by the series of objections filed to several final fee applications. The Trustee determined that it was in the best interest of the estate to request representation by the Applicant as special counsel, and the Court sees no reason

to question the Trustee's judgment in that regard. A review of the services provided, as listed on the Application, indicates they were all in the nature and range of services contemplated by the original Application to Employ the Applicant as special counsel. The only time entries specifically brought to the Court's attention were for ten hours of time on August 31, 2015. The objector indicated the ten hours were travel time. The Applicant, through Attorney Kurtzman, indicated the total hours were not for travel time and much of it was for attending an emergency hearing. The Court will overrule the objection to that particular time entry.

The objector draws the Court's attention that 4.25 hours of service were requested for the period from August 14, 2015 through August 17, 2015, which time pre-dates the filing of the Application for Employment. The Court notes that the Order approving the employment of the Applicant as special counsel made that appointment effective as of August 14, 2015. In this regard, the Objection is overruled.

Finally, the objector argues that the Applicant's expenses were also excessive but did not present any argument, testimony, or evidence in that regard at the time of hearing and, therefore, that portion of the Objection is also overruled.

My Order will follow.

By the Court,

Date: August 19, 2016

John J. Thomas, Bankruptcy Judge

(CMS)